**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7155**

LONNIE OGLESBEE,

                    Plaintiff - Appellant,

          v.

TERRY O'BRIEN, Warden; CAPTAIN WILSON; CAPTAINS JOHNSON;
S.I.A. PITT; A.M. SHIFT PRISON GUARDS; WEBB, Special Housing
Unit Guard; KEGLEY, Special Housing Unit Guard; C/O
HAMILTON, Special Housing Unit Guard; ANDERS, Special
Housing Unit Guard; MOORE, Special Housing Unit Guard; MR.
FORTNER, Special Housing Unit Guard; STANLEY, Special
Housing Unit Guard; JARRELL, Special Housing Unit Guard;
OTHER UNAMED GUARDS, Special Housing Unit; SHREIBER, Special
Housing Lieutenant,

                    Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Jackson L. Kiser, Senior
District Judge. (7:10-cv-00322-jlk-mfu)

Submitted:  November 4, 2010        Decided:  December 27, 2010

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lonnie Oglesbee, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Oglesbee appeals the district court's order dismissing without prejudice his civil action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to exhaust administrative remedies.[*] Because the record contains allegations that prison staff denied Oglesbee grievance forms and retaliated against him for using the administrative grievance process, we conclude that the failure to exhaust is not clear from the face of the complaint. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 682-83 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We deny Oglesbee's motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately

---

[*] Generally, dismissals without prejudice are interlocutory and not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir. 1993). However, a dismissal without prejudice could be final if no amendment to the complaint could cure the defect in the plaintiff's case. Id. at 1066-67. We conclude that the defect in this case (the failure to exhaust administrative remedies) can only be cured by something more than an amendment to the complaint and that the order is appealable.

presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED